# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN BALOG, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| TERESA M. BALOG, individually and on behalf of her minor children, Suzanne Balog, a minor, Corey Balog, a minor, and Joshua Balog, a minor, | ) ) ) CIV-10-505-D ) ) |
| | ) |
| Plaintiff/Intervenor, | ) |
| vs. | ) |
| | ) |
| JEFF BRYAN TRANSPORT LTD, a foreign corporation; MARKEL INSURANCE CO. OF CANADA; THOMAS EARLE, individually; and SWIFT BEEF COMPANY, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Joint Motion to Remand Action to State Court [Doc. No. 12] filed by Plaintiff John Balog and Intervenor/Plaintiff Teresa Balog. The Motion has been fully briefed and is at issue.

## Summary of the Facts

This action was originally filed in the District Court of Beckham County, Oklahoma on May 21, 2009, by John Balog, an individual ("Original Plaintiff"), against Jeff Bryan Transport LTD, Markel Insurance Co. of Canada, Thomas Earle, and Swift Beef Company (collectively, "Defendants").[1] Original Plaintiff seeks to recover actual and punitive damages in connection with an automobile accident that transpired on or around May 23, 2007.

---

[1] Swift Beef Company was dismissed during the state court proceedings. [*See* Doc. No. 1-25.]

On April 28, 2010, the state district judge granted a motion by Teresa Balog, individually and on behalf of her minor children ("Intervenor/Plaintiff"), to intervene as a party plaintiff. [*See* Doc. No. 1-29.] Intervenor/Plaintiff filed her First Amended Petition in state court on May 12, 2010, also seeking damages against Defendants in connection with the automobile accident that occurred on or around May 23, 2007. Specifically, her petition seeks damages in excess of $75,000, exclusive of interest and costs. [*See* Intervenor/Plaintiff's First Amended Petition, Doc. No. 1-31, p. 3.]

Upon receipt of Intervenor/Plaintiff's First Amended Petition and pursuant to 28 U.S.C. § 1441(a), Defendants removed the case to federal court, alleging original jurisdiction under the federal diversity statute. Original Plaintiff and Intervenor/Plaintiff (together, "Plaintiffs") have filed a joint motion to remand the case to state court, asserting this Court does not have subject matter jurisdiction because, although complete diversity exists, the amount in controversy does not exceed the statutory minimum of $75,000. Plaintiffs alternatively assert that, even if subject matter jurisdiction exists for Intervenor/Plaintiff's claim, supplemental jurisdiction does not exist for Original Plaintiff's claim. Defendants argue the motion to remand was untimely and, in the alternative, they contend that the record establishes jurisdiction for all claims before the Court.

**The Timeliness of Plaintiffs' Motion to Remand**

As an initial matter, the Court rejects Defendants' argument that Plaintiffs' motion to remand is untimely. As Defendants cite in their own brief, 28 U.S.C. § 1447(c) expressly provides a motion to remand a case "on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal." [*See* Doc. No. 15, p. 3 (emphasis added).] Thus, there is no deadline for a motion to remand if it is based on an alleged lack of subject matter jurisdiction. *See Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224, 229 (2007)

("If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case."). Plaintiffs' sole basis for seeking remand is their contention that the Court lacks subject matter jurisdiction. Therefore, the timing of Plaintiffs' motion is irrelevant, and the Court will proceed to consider the merits of the motion.

**The Amount in Controversy**

Plaintiffs assert the Court does not have subject matter jurisdiction because the amount in controversy is less than $75,000. They note that, in his Petition,[2] Original Plaintiff sought actual damages exceeding $10,000 and punitive damages in an unspecified amount. In response to a request for admission submitted in the state court action, Original Plaintiff denied that his claim exceeded $75,000 "at this time." [*See* Doc. No. 12-4, Request for Admission No. 1, p. 2.] Plaintiffs further contend that Intervenor/Plaintiff's claim for damages of more than $75,000 should be disregarded. Plaintiffs reference a proposed "settlement agreement" executed between Original Plaintiff and Intervenor/Plaintiff to support their argument that the amount recoverable by Intervenor/Plaintiff is actually less than $75,000.

Defendants cite Intervenor/Plaintiff's First Amended Petition to support their argument that the amount in controversy does exceed $75,000, noting that they did not request removal until Intervenor/Plaintiff filed her claim seeking that amount.[3]

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The Tenth Circuit recently summarized the issues

---
[2] In Oklahoma, an action commences upon the filing of a "petition," as opposed to a "complaint." *See* Okla. Stat. tit 12, § 2003. For purposes of analyzing the pending issues, these two terms are interchangeable.
[3] If federal jurisdiction does not exist with the initial pleading, the defendant has thirty days to remove after receiving the pleading or other document which makes it ascertainable that the action is removable. *See* 28 U.S.C. § 1446(b).

relating to the burden of establishing the jurisdictional amount for removal purposes, and provided an exhaustive analysis to guide a court's determination of the issue. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952-57 (10th Cir. 2008). Initially, the burden is on the removing party to establish federal subject matter jurisdiction. *Id*. at 952. The removing party must "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy *may* exceed $75,000." *Id*. at 953 (emphasis added).

The Circuit emphasized that satisfying this burden does not require the defendant to prove jurisdiction. *Id*. Rather, the "'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself. What the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'" *McPhail*, 529 F.3d at 954 (quoting *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540-43 (7th Cir. 2006)). Jurisdictional facts may be proven by using "contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence." *Id*.

Importantly, the "general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Marchese v. Mt. San Rafael Hosp.*, 24 F. App'x 963, 964 (10th Cir. 2001) (unpublished opinion) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). The *McPhail* court also recognized this rule in *dicta*, mentioning that the defendant must show jurisdiction exists by utilizing the means detailed above only when there is an "absence of an explicit demand for more than $75,000." *McPhail*, 529 F.3d at 955.

4

Once the defendant has shown by a preponderance of the evidence that the jurisdictional facts exist for federal subject matter jurisdiction, the burden then shifts to the plaintiff seeking remand. *Id*. at 954. To show a basis for remand, the plaintiff must prove to a "legal certainty" that less than $75,000 is recoverable on the claim. *Id*.

In this case, the Court finds Defendants carried their burden of proving the jurisdictional facts for federal subject matter jurisdiction as to Intervenor/Plaintiff's claim by showing her explicit demand for more than $75,000, exclusive of interest and costs, in her petition. [See Doc. No. 1-31, p. 3.] The Court further finds Plaintiffs have failed to show to a "legal certainty" that Defendants will be liable to Intervenor/Plaintiff for less than $75,000. Plaintiffs' argument concerning the proposed "settlement agreement" is unpersuasive. No Defendant is a party to the "settlement agreement." It was entered into only between Original Plaintiff and Intervenor/Plaintiff.[4] Therefore, it has no effect on any of the Defendant's potential liability to Intervenor/Plaintiff. The plain fact evident from Intervenor/Plaintiff's petition is that one or more of the Defendants *may* have to pay Intervenor/Plaintiff an amount in excess of $75,000.

Therefore, the Court finds it has original federal subject matter jurisdiction over Intervenor/Plaintiff's claim against Defendants because the amount in controversy exceeds $75,000. Furthermore, Original Plaintiff's claim against Defendants may also be sufficient to confer original federal subject matter jurisdiction because he seeks punitive damages, which may be aggregated with his asserted actual damages to satisfy the jurisdictional amount. *See Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). However, as discussed below, the Court does not need to find original jurisdiction for Original Plaintiff's claim.

---

[4] Indeed, it is not even certain that the agreement is binding on the Plaintiffs because the submitted copy of the "settlement agreement" is not signed. [*See* Doc. No. 12-5.]

## Supplemental Jurisdiction

Plaintiffs contend that, even if the Court has jurisdiction over Intervenor/Plaintiff's claim, it is improper for the Court to exercise supplemental jurisdiction over Original Plaintiff's claim. Plaintiffs acknowledge 28 U.S.C. § 1367 permits the exercise of supplemental jurisdiction, but they argue the statute does not apply where jurisdiction is based on an intervenor's claim. Defendants also rely on 28 U.S.C. § 1367 to support their argument that the statute authorizes the Court to exercise supplemental jurisdiction over an original plaintiff if it has jurisdiction over the intervening party.

Title 28 U.S.C. § 1367(a) states, in pertinent part, that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Price v. Wolford*, 608 F.3d 698, 703 (10th Cir. 2010) (quoting *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997)).

In this case, the claims asserted by Original Plaintiff and Intervenor/Plaintiff derive from a common nucleus of operative fact because those claims are based on the automobile accident that occurred on or around May 23, 2007. Defendants' potential liability to the Original Plaintiff and/or Intervenor/Plaintiff is necessarily based on the same facts and circumstances.

When original jurisdiction exists through diversity alone, § 1367(b) carves out two exceptions concerning parties who have intervened under Fed. R. Civ. P. 24.[5] A court may not

---

[5] Intervenor/Plaintiff entered the action in the state proceedings under Okla. Stat. tit. 12, § 2024, which is Oklahoma's counterpart to Fed. R. Civ. P. 24.

exercise supplemental jurisdiction "over (1) claims by parties 'seeking to intervene as plaintiffs under Rule 24' and (2) 'claims by plaintiffs against persons made parties under Rule . . . 24.'" *Price,* 608 F.3d at 703 (quoting 28 U.S.C. § 1367(b)).

Importantly, the majority of circuits agree that § 1367(b) "reflects Congress' intent to prevent *original* plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity." *Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000) (emphasis added); *see e.g. Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir. 2004) ("The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs-but not defendants or third parties-from circumventing the requirements of diversity."); *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir. 1998) ("Thus, the limitation of § 1367(b) applies only to plaintiffs' efforts to join nondiverse parties."); *see also* H.R.Rep. No. 101-734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 (The purpose of § 1367(b) is to prevent "plaintiffs [from being able] to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis.").

The Court finds that neither statutory exception regarding intervening parties prevents the Court from exercising supplemental jurisdiction in this case. The Plaintiffs are incorrect to rely on Intervenor/Plaintiff's claim to support their argument that such exceptions do apply. As discussed above, the Court has original jurisdiction over Intervenor/Plaintiff's claim. The Court is only exercising supplemental jurisdiction over Original Plaintiff's claim. Original Plaintiff is not a party

7

seeking to intervene, and he is not asserting a claim against an intervening party. Therefore, neither statutory exception applies.

Moreover, exercising supplemental jurisdiction over Original Plaintiff's claim does not violate the policy behind § 1367(b). Adjudication of Original Plaintiff's claim in federal court cannot be construed as assisting Original Plaintiff in circumventing the requirements of diversity, especially since he is one of the parties requesting the Court to remand. Therefore, the Court will exercise supplemental jurisdiction over Original Plaintiff's claim against Defendants.

## Conclusion

The Court finds that federal subject matter jurisdiction exists for all claims before the Court. The Court has original jurisdiction over Intervenor/Plaintiff's claim and supplemental jurisdiction over Original Plaintiff's claim.

IT IS THEREFORE ORDERED that the Joint Motion of Plaintiff John Balog and Intervenor/Plaintiff Teresa Balog to Remand this Action to State Court [Doc. No. 12] is DENIED, as set forth above.

IT IS SO ORDERED this 5th day of August, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE